IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE BURSE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-844 |
| FIRST NATIONAL BANK, | ) Chief Judge Ambrose |
| | ) Magistrate Judge Hay |
| Defendant. | ) |

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that defendant's motion to dismiss (Dkt. No. 5) be granted.

II. REPORT

Plaintiff, Tyrone Burse, filed a complaint in the above-captioned matter on June 26, 2006, alleging that defendant, First National Bank, charged his bank account "overdraft and overdrawn fees" when his account was in good standing, thereby causing great hardship to his family and small business. Complaint ¶ 5.

Defendant has now filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) arguing that the Court lacks subject matter jurisdiction as plaintiff has failed to allege that diversity of citizenship exists between the parties or that the amount in controversy exceeds $75,000.00, and that the complaint does not raise a federal question. As well, defendant argues that plaintiff has otherwise failed to state a claim and that the complaint is, therefore, properly dismissed under Rule 12(b)(6).

A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Electronics Inc. v. U.S., 220 F.3d 169, 176 (3d Cir.

2000).  Where, as here, the moving party has presented a facial attack challenging the legal sufficiency of the claim, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  Id.  See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir.), cert. denied, 501 U.S. 1222 (1991).[1]

> Further, it is well settled that,
>
> [t]he basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.  Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction.  A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States.  *See Bell v. Hood*, 327 U.S. 678, 681-685 ... (1946)....  She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.  *See* § 1332(a).

Arbaugh v. Y&H Corp., 546 U.S. 500, ___, 126 S. Ct. 1235, 1244 (2006).  See Borough of West Mifflin v. Lancaster, 45 F.3d 780, 784 (3d Cir. 1995).  Moreover, a claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 may be dismissed for want of subject-matter jurisdiction if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous."  Arbaugh v. Y&H Corp., 546 U.S. at ___ n.10, 126 S. Ct. 1244 n.10, quoting Bell v. Hood, 327 U.S. at 682-683.

Here, plaintiff does not appear to dispute that diversity jurisdiction is lacking.  Indeed, plaintiff has alleged in the complaint that he is a resident of Pennsylvania and that defendant's main business address is also in Pennsylvania.  Complaint ¶¶ 1, 3.  Moreover, not

---

[1]In contrast, where a factual challenge has been made or one where the sufficiency of a jurisdictional fact is at issue, the Court is not required to attach any presumptive truthfulness to the allegations in the complaint but may consider evidence outside the pleadings.  Gould Electronics Inc. v. U.S., 220 F.3d at 176; Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406 at 1408-09.

only is the complaint silent as to the amount in controversy, but plaintiff has stated in his brief in opposition to defendant's motion only that the twenty-eight overdraft and overdrawn fees were in an amount "over $1000.00." See Dkt. 9. Diversity is therefore lacking and subject matter jurisdiction will be found only if plaintiff has plead a colorable claim "arising under" the Constitution or laws of the United States. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("[W]here there is no diversity of citizenship between the parties, the plaintiff's cause of action must raise a federal question.")

Federal question jurisdiction requires that a right or immunity created by the Constitution or laws of United States be an essential element of the plaintiff's cause of action. United Jersey Banks v. Parell, 783 F.2d 360, 366 (3d Cir.), cert. denied, 476 U.S. 1170 (1986), citing Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 10-11 (1983). Further, federal jurisdiction exists only where a federal question is presented on the face of the complaint. Id. See Caterpillar Inc. v. Williams, 482 U.S. at 392. "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

In the instant case, plaintiff's complaint is devoid of any reference to a right or immunity created by the United States Constitution or to laws of the United States or, for that matter, any theory of law under which plaintiff would be entitled to recover. It therefore appears that plaintiff has failed to raise a federal question. Although plaintiff has suggested in his brief in opposition to defendant's motion that the Court has jurisdiction over this action by virtue of the fact that defendant "belongs to the (F.I.D.C.) Federal Insurance Dividend Company" and because federal courts have jurisdiction over members of the F.I.D.C., see Pl.'s Brief ¶ 1, plaintiff's assertions are not included in his complaint and, thus, are not properly considered by the Court. Moreover, it is unclear to the Court precisely what the F.I.D.C. is or how defendant's alleged

membership in such an organization creates a cause of action or suggests that plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law." See Franchise Tax Board of California v. Construction Laborers Vacation Trust, 463 U.S. at 27-28. As such, even if the Court were to consider the assertions in plaintiff's brief, they are insufficient to invoke subject matter jurisdiction on this Court and the complaint is properly dismissed.[2]

For these reasons, it is recommended that defendant's motion to dismiss (Dkt. No. 5) be granted.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                Respectfully submitted,

                                                /s/ *Amy Reynolds Hay*

                                                AMY REYNOLDS HAY
                                                United States Magistrate Judge

Dated: 22 January, 2007.

cc:     Tyrone Burse, Pro Se
           1541 Sylvan Terrace
           Pittsburgh, PA 15221

           John B. Joyce, Esquire
           Grene & Birsic
           One Gateway Center
           9th Floor, West
           Pittsburgh, PA 15222

---

[2]Because the Court is without jurisdiction, we need not address defendant's motion under Rule 12(b)(6). See Bell v. Hood, 327 U.S. 678, 682 (1946); Jones v. Georgia, 725 F.2d 622, 623 (11th Cir.), cert. denied, 469 U.S. 979 (1984); Connor v. City of Philadelphia, 1991 WL 102989 *10 (E.D. Pa. June 11, 1991).